# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427
~~~~

**Abdul K. Hassan, Esq.**                                                                                 Tel: 718-740-1000
Email: abdul@abdulhassan.com                                                             Fax: 718-740-2000
*Employment and Labor Lawyer*                                                      Web: www.abdulhassan.com

September 9, 2019

**Via ECF**

Hon. Joanna Seybert, USDJ
Hon. Gary R. Brown, USMJ
United States District Court, EDNY
100 Federal Plaza
Central Islip, NY 11722

<u>Re: Liotta v. Asbestos Transportation Company, Inc.</u>
Case No. 19-CV-03542 (JS)(GRB)
Motion for Settlement Approval

Dear Judge Seybert/Magistrate-Judge Brown:

My firm represents plaintiff Michael Liotta ("Plaintiff" or "Liotta") in the above-referenced action, and I respectfully write to seek approval of the settlement in this action as per the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). Exhibit 1 is a fully executed copy of the settlement agreement. Both sides join in urging the Court to approve this settlement as fair and reasonable – Plaintiff writes in support of the motion.

Plaintiff's claims in this action are more fully set forth in the complaint. (ECF No. 1). In essence, however, Plaintiff brought claims to recover unpaid overtime wages under the FLSA and NYLL. Plaintiff also seeks to recover penalties for violation of the wage statement and wage notice violations of the NYLL.

In general, allegations and facts are refined as information is exchanged in the case – this is especially true in wage cases where the employer has an obligation under the FLSA and NYLL to keep and maintain wage, time, and employment records. Moreover, the allegations and claims were further refined after extensive discussions and exchange of information. Plaintiff was employed by Defendant from in or around June 2009 to on or about May 8, 2019. The complaint in this action was filed on June 15, 2019. (See ECF No. 1).

1

We therefore have overtime wages claimed of approximately $240 x 295wks = $70,800 under the NYLL six-year statute of limitations period - $22,800 under the FLSA's two-year statute of limitations period for non-willful violations. Plaintiff may also be able to recover liquidated damages. It is Defendant's position that Plaintiff is not entitled to overtime wages under the Motor Carrier Exemption because Plaintiff was a driver the MCE defense would be a significant barrier to recovery in the case and as such, the recovery under the settlement is fair and reasonable in the circumstances and any compromises made are legally and factually justified. Defendant also disputes the work hours alleged by Plaintiff. In general Defendants deny Plaintiff's allegation that he is owed wages.

Assuming Plaintiff prevails on his wage notice and wage statement violations he could be entitled to another $10,000 maximum ($5,000 each) – the jurisprudence concerning these claims is unsettled and they are not covered by the FLSA. Plaintiff was provided with wage statements – there may be a technical dispute as to whether the wage statements were fully compliant.

Under the settlement Plaintiff will is due to receive $13,025 after a 1/3 contingency fee and costs in three (3) monthly installments. (Ex. 1, ¶ 2(a-b)).

Under the settlement, Plaintiff's counsel is receiving a 1/3 contingency fee of $6,512 after reimbursement of $463 in costs. (Ex. 1 ¶ 2(c))[1]. See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990); *Kevin Lynch v. Consolidated Edison, Inc.*, Case No. 16-CV-1137, ECF No. 37 (Judge Furman author of *Wolinsky* - approving 1/3 fees of $14, 826 under *Cheeks*)("the Court sees no basis to reduce the fee where, as here, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and his attorney."); *Mares v. Kim*, No. 15 CIV. 7197 HBP, 2016 WL 4098408, at 2 (S.D.N.Y. July 25, 2016)("As described in *Cheeks*, the purpose of the FLSA is to regulate the relationship between an employee and his employer and to protect the employee from over-reaching by the employer. 796 F.3d at 206. I do not understand the FLSA to regulate the relationship between the employee as plaintiff and his counselor to alter the freedom of contract between a client and his attorney.")

Plaintiff's counsel has received similar or higher legal fees in other FLSA settlements approved by courts. See *Hysa et al v. Midland Electrical Contracting Corp. et al*, Case No. 13-

---

[1] See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). Plaintiff' Counsel's retainer rate is $600 and the retainer agreement with Plaintiff states in relevant part as follows:

    The amount of Attorney's contingency fee will be the greater of:
(a) A reasonable percentage fee which is one-third (1/3) of all sums recovered on Client's behalf; or

(b) A reasonable hourly fee which is the amount of Attorney's hourly rates as laid out below times the number of hours spent by the Attorney on Client's behalf; or

(c) A separate recovery of fees such as where a court or other tribunal awards attorney's fees or where a defendant(s) settles a demand for fees.

See also *Brown v. Starrett City Associates*, 2011 WL 5118438, 8 (E.D.N.Y.), the court, citing *Venegas*, also noted that even when a court makes a lodestar fee award, "The award is then subject to whatever private contractual agreement exists between plaintiff and his or her counsel."

CV-6837 (Chief Magistrate-Judge Mann, January 2016 - approving 1/3 fee of $103,607.94 under *Cheeks*); *Petrosyan v. Quality Frozen Foods, Inc. et al*, Case No.19-cv-01672 (Chief magistrate-Judge Mann - July 11, 2019)( approving 1/3 fee of $14,032 under *Cheeks*); *Hosein v. Universal Elevator Inc. et al,* Case No. 17-cv-07597-(Judge Cogan)(approving a 1/3 percentage fee of $16,995 under *Cheeks*); *Gosyne v. Ace Inspection and Testing Services Inc. et al*, Case No. 17-CV-07364 (Magistrate-Judge Reyes - EDNY July 19, 2018)(approving a 1/3 fee of $14,700 under *Cheeks*); *Crockwell v. Richmond Hill Lumber & Supply Corp. et al*, Case No. 17-CV-05823 (PK) (approving a 1/3 contingency fee of $15,000 under Cheeks) (Magistrate-Judge Kuo – April 17, 2018); *Mena v. Disano Construction Co., Inc. et al*, Case No. 17-CV-04777 (Magistrate-Judge Kuo – April 5, 2018)(Approving a 1/3 contingency fee of $14,692 under Cheeks); *Castillo v. Cranes Express Inc. et al*, Case No. 18-CV-01271 (PKC)(LB)(Magistrate-Judge Bloom's R&R – December 12, 2018)(approving a 1/3 contingency fee of $23,079 under *Cheeks*); *Andrea Carter v. Long Island Care Center, Inc.*, Case No.15-cv-4058 (PKC)(VMS), (February 19, 2016 text only order – 1/3 fee under *Cheeks* of about $27,000); *Kolenovic v. FSM Management, Inc. et al,* Case No.18-cv-00657(Judge Oetken – June 28, 2018)(approving a 1/3 fee of $20,000 under *Cheeks*); *Persaud v. Consulate General of Guyana in New York et al*, Case No. 16-cv-01755 (approving 1/3 fees of $23,080 under *Cheeks*); *Coleman v. De Franco Pharmacy, Inc. et al* Case No. 17-CV-08340, ECF No. 33, (Magistrate-Judge Pitman – August 1, 2018), (approving a1/3 fee under *Cheeks* of about $14,094); *Bumagin v. The Mount Sinai Medical Center, Inc.* et al, Case No.16-cv-08783, ECF No. 40, (SDNY – Judge Gorenstein)(1/3 fee of $14,000 under *Cheeks*).

In the circumstances of this case, the settlement is fair and reasonable for several reasons. First, Defendant disputes liability and if a jury believes Defendant, Plaintiff will receive a lot less or nothing. Second, the settlement amount is not trivial in relation to the claims, especially in light of the legal and factual issues. Third, Defendant disputes the hours worked claimed by Plaintiff. Fourth, it appears that Defendant cannot afford a higher settlement amount as the installment nature of the settlement confirms. Fifth, there appears to be a desire by all parties to resolve the case early and avoid the significant financial and non-financial costs/harms of litigation.

Therefore, it is respectfully requested that this Honorable Court approve the settlement agreement as fair and reasonable under the FLSA and *Cheeks*.

We thank the Court in advance for its time and consideration.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*

**cc:** **Defense Counsel via ECF**