# SETTLEMENT AGREEMENT AND RELEASE

Asbestos Transportation Company, Inc. and Asbestos Transportation & Disposal Co, Inc. ( collectively "Defendants") on the one hand, and Michael Liotta ("Liotta") on the other hand, desire to avoid the costs, risks, and delays associated with litigation and therefore agree as follows:

1. **Definition of Parties**.

    a. "Plaintiff" shall be defined as Michael Liotta.

    b. "Defendants" shall be defined as Asbestos Transportation Company, Inc. and Asbestos Transportation & Disposal Co, Inc.

    c. "Action" or "Lawsuit" refers to the lawsuit filed by Plaintiff against certain Defendants on June 15, 2019, in the United States District Court, Eastern District of New York, with Civil Action #: 19-CV-03542 (JS)(GRB) which the Parties hereunder agree it shall be deemed amended to include Asbestos Transportation & Disposal Co, Inc., as a Defendant.

2. **Consideration**. In consideration for Michael Liotta signing this Agreement and the release of claims herein with prejudice, Defendants agree to make the following payments totaling $20,000.00 ("Settlement Payment") subject to the Court approving this Settlement Agreement and discontinuance of the Action with prejudice:

    a. Three payments to "Michael Liotta" each in the amount of Two Thousand, One Hundred Seventy Dollars and Sixty-Six Cents ($2,170.66), totaling $6,512 less applicable taxes and withholdings to be reported on and IRS Form W-2. The first of these three (3) payments will be due on or before August 1, 2019 and the two (2) remaining payments will be due at 30-day intervals following the date the first payment is due; 

    b. Three payments to "Michael Liotta" each in the amount of Two Thousand, One Hundred Seventy-One Dollars and Zero Cents ($2,171), totaling $6,513 representing liquidated and other damages to be reported on and IRS Form 1099-MISC (Box 3). The first of these three (3) payments will be due on or before August 1, 2019 and the two (2) remaining payments will be due at 30-day intervals following the date the first payment is due; 

    c. Three payments to "Abdul Hassan Law Group, PLLC" each in the amount of Two Thousand, Three Hundred Twenty-Five Dollars and Zero Cents ($2,325), representing a 1/3 contingency fee ($6,512) plus costs ($463) to be reported on and IRS Form 1099-MISC (Box 14). The first of these three (3) payments will be due on or before August 1, 2019 and the two (2) remaining payments will be due at 30-day intervals following the date the first payment is due; 

    d. The payments above shall be sent to the office of Plaintiff's counsel Abdul K. Hassan, Esq., located at 215-28 Hillside Avenue, Queens Village, NY 11427.

1

Plaintiff's Counsel shall hold the settlement payments until the seven-day revocation period has expired. Plaintiff has agreed to waive the 21-day review period.

        e.        If there is a default in making the payments herein, Plaintiff or his counsel, will give Defendant **Asbestos Transportation Company, Inc.**, written notice of said default, by sending a notice of default by email, to Defendant's attorneys **Mr. Patrick V. DeIorio, Esq. at pvd@deioriolawgroup.com.** Defendant will have ten (10) days from receipt of such notice to cure the default. If Defendant does not cure the default within ten (10) days of the notice, Plaintiff and his Counsel shall have the right to a judgment or supplemental judgment against Defendants, in the amount of Thirty-Five Thousand Dollars ($35,000) less any monies paid by Defendant at the time of default. The Court shall retain and have authority and jurisdiction to enter such judgment or supplemental judgment in favor of Plaintiff and his counsel.

        f.        If Court approval of this Settlement Agreement does not occur before any settlement payment is due, Plaintiff's counsel shall the Settlement Payment in escrow and distribute then within ten (10) days of Court approval of the Settlement Agreement and the Action is discontinued with prejudice

        g.        Defendants knowingly and voluntarily releases and forever discharges Plaintiff of and from any and all claims, debts, obligations or liability whatsoever, whether known or unknown, that they have or may have against Plaintiff, as of the date of execution of this Agreement.

        h.        Defendants further agrees not to contest Plaintiff's claims for unemployment insurance benefits.

        3.        **No Consideration Absent Execution of This Agreement**. Plaintiff understands and agrees he would not or will not receive the monies and/or benefits specified in Paragraph 2 above, except for his execution of this Agreement approval by the Court and the discontinuance of the Action with prejudice.

        4.        **Release of Claims by Plaintiff**. In consideration for the payment of TWENTY THOUSAND DOLLARS ($20,000.00) (the "Settlement Payment"), Plaintiff releases and discharges Defendants, their agents, legal representatives, predecessors, successors, assigns, trustees, administrators, heirs, executors and insurers (collectively referred to as "RELEASEES") from any and all Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") claims Plaintiff had, has, or may have, known or unknown, that may be legally waived by private agreement, arising out of Plaintiff's employment with Defendants, from the beginning of time through the execution of this Agreement, as well as any claims for interest, penalties, costs, disbursements, liquidated damages, or attorneys' fees relating to any such FLSA and/or NYLL claims; and

5. **Acknowledgments and Affirmations**.

a) Plaintiff affirms that in the Action he has asserted a claim in seeking unpaid wage or overtime pay under the Fair Labor Standards Act, the New York State Labor Law, and/or any other law, regulation or basis and affirms that there is a bona fide dispute as to such FLSA claims which are being settled and released by this Agreement. Plaintiff authorizes his attorney to seek approval of the settlement and dismissal of the Action with prejudice.

b) Amendment of the Civil Action
The Parties hereunder agree that the Civil Action shall be deemed amended to include Asbestos Transportation & Disposal Co, Inc., as a Party Defendant.

6. **Governing Law and Interpretation**. This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict or choice of law provisions. In the event the Plaintiff or Defendants breach any provision of this Agreement, Plaintiff and Defendants affirm that either may institute an action to specifically enforce any term or terms of this Agreement. If the release language is found to be illegal or unenforceable, Plaintiff and Defendants agree to execute a binding replacement release(s).

7. **Amendment**. Except as provided in Paragraph 6 above, this Agreement may not be modified, altered or changed without the express written consent of both parties wherein specific reference is made to this Agreement.

8. **Resolution of Disputes**. The parties agree that the Court in this action shall retain jurisdiction to resolve any disputes arising out of this Settlement Agreement and the settlement of this action.

9. **Non-admission of Wrongdoing**. The parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either party of any liability or unlawful conduct of any kind.

10. **Entire Agreement**. This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. Plaintiff acknowledges he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement, and Plaintiff's consent to this Agreement is given freely, voluntarily, and with full knowledge and understanding of this Agreement's contents.

11. **Section Headings**. Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

12. **Legal Fees**. Except as provided for in this Agreement, each party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation, settlement and delivery of this Agreement.

13. **Joint Participation in Preparation of Agreement.** The Parties participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party. This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

14. **Competency to Waive Claims.** At the time of considering or executing this Agreement, Mr. Liotta was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Mr. Liotta is competent to execute this Agreement.

**IN WITNESS WHEREOF,** the parties hereto knowingly and voluntarily executed this Agreement and Release as of the date set forth below:

**PLAINTIFF:**

**MICHAEL LIOTTA**

By: _[signature]_

Date: 7-19-19

**DEFENDANT:**

**ASBESTOS TRANSPORTATION COMPANY, INC.**

By: _____

Print Name _____

Title _____

Date: _____

**ASBESTOS TRANSPORTATION & DISPOSAL CO, INC.**

By: _____

Print Name _____

Title _____

Date: _____

4

13. **Joint Participation in Preparation of Agreement.** The Parties participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party. This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

14. **Competency to Waive Claims.** At the time of considering or executing this Agreement, Mr. Liotta was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Mr. Liotta is competent to execute this Agreement.

**IN WITNESS WHEREOF,** the parties hereto knowingly and voluntarily executed this Agreement and Release as of the date set forth below:

PLAINTIFF:

MICHAEL LIOTTA

By:_____

Date:_____

DEFENDANT:

ASBESTOS TRANSPORTATION COMPANY, INC.

By: _/s/ Gary Cretty_____

Print Name _GARY CRETTY_

Title _Pres._

Date: _7/19/19_

ASBESTOS TRANSPORTATION & DISPOSAL CO, INC.

By: _/s/ Karen Marker_____

Print Name _KAREN MARKER_

Title _Pres._

Date: _7-19-19_

4